S:\Plans\Ch11\PotterHouse.plan

GENOVA & MALIN
Attorneys for the Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Andrea B. Malin, Esq. (AM4424)
Michelle L. Trier, Esq. (MT1212)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
In re:
                                                          CHAPTER 11
THE POTTER HOUSE, INC.,                CASE NO. 16-36948 (CGM)

                            Debtor.
-------------------------------------------------------X

## **PLAN OF REORGANIZATION**

THE POTTER HOUSE, INC., the above-named debtor ("debtor") proposes the following Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code:

### **ARTICLE I**
### **DEFINITIONS**

1.1 "Administrative Bar Date" shall mean, in respect of Administrative Claims, the date(s), if any, designated by the Court as the last dates for filing Administrative proofs of Claim against the Debtor.

1.2 "Administrative Claim" shall mean a claim for any cost or expense of administration of this Chapter 11 case, made under Section 503(b) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving the Debtor's Estate, of operating the Debtor's Estate and business and all allowances of compensation for legal or other professional services or reimbursement of costs and expenses to the extent allowed

by the Court in accordance with Section 330, 331 and/or 503 of the Bankruptcy Code.

  1.3 "Allowed" shall mean, when used in reference to a Claim within a particular Class, an Allowed Claim of the type described in such Class.

  1.4 "Allowed Administrative Claim" shall mean all or that portion of any Administrative Claim which is an Allowed Claim.

  1.5 "Allowed Claim" shall mean a Claim or any portion thereof (a) as to which no objection to allowance or request for estimation has been interposed on or before the Consummation Date or the expiration of such other applicable period of limitation as may be fixed by the Bankruptcy Code, the Bankruptcy Rules, the Court, or the Plan, (b) as to which any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order, (c) that has been allowed by a Final Order, (d) as to which the liability of the Debtor and the amount thereof are determined by final order of a court of competent jurisdiction other than the Court, or (e) that is expressly allowed in a liquidated amount in the Plan, *provided however,* that with respect to an Administrative Claim, that nothing herein shall be deemed to require holders of Administrative Claims incurred by the Debtor in the ordinary course of business, including the actual, necessary costs and expenses of operating the business of the Debtor, to make a request for payment of such Administrative Claim pursuant to Section 503(a) of the Bankruptcy Code.

  1.6 "Allowed Priority Claim" shall mean all or that portion of an Allowed Claim, other than an Allowed Priority Tax Claim, which is a Priority Claim.

  1.7 "Allowed Secured Claim" shall mean that portion of an Allowed Claim that is a Secured Claim.

  1.8 "Allowed Priority Tax Claim" shall mean that portion of an Allowed Claim

entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.9 "Allowed Unsecured Claim" shall mean any Allowed Claim that is an Unsecured Claim.

1.10 "Bankruptcy Code" shall mean Title 11, United States Code (Title I of the Bankruptcy Reform Act of 1978, Publ. 95-598, 92 Stat. 2549, as amended).

1.11 "Bankruptcy Court" or "Court" shall mean the United States Bankruptcy Court for the Southern District of New York or such other court, as may have jurisdiction over the Chapter 11 case.

1.12 "Bankruptcy Rules" shall mean, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended, as applicable to the Chapter 11 Case or proceedings therein, and the Local Rules of the Court, as applicable to this Chapter 11 case or proceedings therein, as the case may be.

1.13 "Bar Date(s)" shall mean the date(s) designated by the Court as the last dates for filing proofs of Claims against the Debtor. The last day for filing proofs of Claim in this case was fixed as February 20, 2017.

1.14 "Business Day" shall mean any day other than a Saturday, Sunday, or legal holiday as defined in Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

1.15 "Cash" shall mean legal tender of the United States or equivalents thereof.

1.16 "Chapter 11" shall mean Chapter 11 of the Bankruptcy Code.

1.17 "Claim" shall mean a claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code, to wit: (a) right to payment, whether or not such right is reduced to

judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.18 "Claimant" or "Creditor" shall mean the holder of an Allowed Claim.

1.19 "Class" shall mean a class of holders of Allowed Claims described in Article II of this Plan.

1.20 "Collateral" shall mean any property or interest in property of the Debtor's Estate subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

1.21 "Committee" means the Official Committee of Unsecured Creditors appointed in this case by the Office of the United States Trustee, together with each of its members and professionals, where applicable.

1.22 "Confirmation" shall mean entry of an Order of the Court confirming this Plan.

1.23 "Confirmation Date" shall mean the date upon which the Court enters the Confirmation Order.

1.24 "Confirmation Hearing" shall mean the hearing to consider confirmation of the Plan under Section 1129 of the Bankruptcy Code.

1.25 "Confirmation Order" shall mean the Order of the Court confirming the Plan

pursuant to Section 1129 of the Bankruptcy Code.

1.26   "Consummation Date" shall mean the date of the first of any distribution made to Allowed Creditors under the Plan.

1.27   "Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

1.28   "Cure" shall mean the distribution of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption of an executory contract or unexpired lease, pursuant to Section 365(b) of the Bankruptcy Code, in an amount equal to all unpaid monetary obligations, without interest, or such other amount as may be agreed upon by the parties, under such executory contract or unexpired lease, to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

1.29   "Debtor" shall mean The Potter House, Inc., as debtor-in-possession, prior to the Confirmation Date.

1.30   "Disallowed Claim" shall mean any claim or portion thereof that has been disallowed by a Final Order.

1.31   "Disclosure Statement" shall mean this written disclosure statement that relates to the Plan, dated May 15, 2017, as may be amended, supplemented, or modified from time to time, and that is prepared and distributed in accordance with Sections 1125 and 1126(b) of the Bankruptcy Code and Fed. R. Bankr. P. 3018.

1.32   "Disputed Claim" shall mean (a) any claim or portion of a claim (other than an Allowed Claim), which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent, or (b) a claim which has been filed pursuant to Section 501(a) of the

Bankruptcy Code as to which an objection to the allowance thereof has been interposed within the time limitation fixed by the Bankruptcy Code, by an order of the Court, or by this Plan, which objection has not been determined in whole or in part, by a Final Order.

1.33 "Distribution Date" means the Effective Date.

1.34 "Distribution Reserve" means that amount of Cash reserve from the Cash to be distributed under the Plan as to any Disputed Claim.

1.35 "Effective Date" shall mean the date the Court upon which the Confirmation Order becomes non-appealable.

1.36 "Entity" shall have the meaning provided by Section 101(15) of the Bankruptcy Code.

1.37 "Estate" shall mean the estate of Debtor created in the Reorganization Case by Section 541 of the Bankruptcy Code.

1.38 "Exempt Property" shall mean all Property of Debtor's Estate that is exempt from Creditor Claims by reason of Section 522 of the Bankruptcy Code.

1.39 "Federal Rules of Bankruptcy Procedure" shall mean the Rules of Bankruptcy Procedure, effective August 1, 1994, in accordance with the provisions of Section 2075, Title 28, United States Code, as the same shall from time to time be amended.

1.40 "Filing Date" shall mean November 16, 2016, the date of the commencement of the Reorganization Case as a voluntary Chapter 11 case under the Bankruptcy Code.

1.41 "Final Order" shall mean an order of judgment of the Court which has not been reversed, stayed, modified or amended and as to which the time to seek reargument, appeal or seek certiorari or review has expired and as to which no appeal or petition for certiorari or review

is pending or as to which any right to appeal or to seek certiorari or review has been waived.

  1.42 "General Unsecured Claim" shall mean a Claim against the Debtor that is not an Administrative Claim, Priority Tax Claim, Other Priority Claim or Secured Claim.

  1.43 "Impaired" shall mean, when used with reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

  1.44 " Insiders" shall have the meaning provided by Section 101(31) of the Bankruptcy Code.

  1.45 "Lien" shall have the meaning provided by Section 101(37) of the Bankruptcy Code.

  1.46 "Non-Exempt Property" shall mean all Property of Debtor's Estate that is not exempt from Creditor Claims by reason of Section 522 of the Bankruptcy Code.

  1.47 "Plan" shall mean the Plan of Reorganization dated May 15, 2017, and any exhibits thereto and any documents delivered in connection therewith, as the same may, from time to time, be amended by any duly authorized amendment or modification to the extent permitted therein or by the Bankruptcy Code or Federal Rules of Bankruptcy Procedure.

  1.48 "Priority Claim" shall mean a Claim which qualifies as such under Section 507(a) (3),(4) and (6) of the Bankruptcy Code.

  1.49 "Priority Tax Claim" shall mean a Claim which qualifies as such under Section 507(a)(8) of the Bankruptcy Code.

  1.50 "Professional(s)" shall mean those persons retained pursuant to an order of the Court in accordance with Sections 327 and 1102 of the Bankruptcy Code.

  1.51 "Property" shall have the meaning provided by Section 541 of the Bankruptcy

Code.

1.52 "Pro-Rata" shall mean, as to intraclass calculations, the ratio of an Allowed Claim in a particular class to the amount of all Claims of that Class.

1.53 "Reinstated" or "Reinstatement" shall mean (a) leaving unaltered the legal, equitable, and contractual rights to which a Claim entitles the holder of such Claim so as to leave such Claim unimpaired in accordance with Section 1124 of the Bankruptcy Code or (b) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim to demand or receive accelerated payment of such Claim after the occurrence of a default (i) curing any such default that occurred before or after the Petition Date, other than a default of a kind specified in Section 365(b)(2) of the Bankruptcy Code; (ii) reinstating the maturity of such Claim as such maturity existed before such default; (iii) compensating the holder of such Claim for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (iv) not otherwise altering the legal, equitable, or contractual rights to which such Claim entitles the holder of such Claim.

1.54 "Reorganization Case" shall mean the case of the Debtor under case number 16-36948 (CGM).

1.55 "Reorganized Debtor" shall mean Debtor(s), on and after the Effective Date.

1.56 "Schedules" shall mean the schedules of assets and liabilities and the statements of financial affairs, if any, filed in the Bankruptcy Court by the Debtor as such schedules or statements may be amended or supplemented from time to time in accordance with Fed. R. Bankr. P. 1009 or orders of the Bankruptcy Court.

1.57 "Secured Claim" shall mean a Claim that is secured by a Lien upon property,

or the proceeds of the sale of such property, in which the Debtor has an interest, to the extent of the value, as of the Consummation Date or such later date as is established by the Bankruptcy Court, of such Lien as determined by a Final Order of the Bankruptcy Court pursuant to Section 506 of the Bankruptcy Code or as otherwise agreed upon in writing by the Committee and/or the Liquidating Trustee, as the case may be, and the holder of such Claim.

1.58 "Secured Creditor" shall mean the holder of an Allowed Secured Claim.

1.59 "Substantial Consummation" shall mean the date that distributions are first made on the Consummation Date.

1.60 "Trustee Claim" shall mean all fees and charges assessed against the Debtor's Estate pursuant to Section 1930 of Title 28, United States Code.

1.61 "Unimpaired Claim" shall mean a Claim that is not an Impaired Claim.

1.62 "Unsecured Claim" shall mean a Claim that is not an Administrative Claim, a Priority Claim, a Priority Tax Claim, a Secured Claim or an Interest.

## ARTICLE II

## CLASSIFICATION OF CLAIMS

Class 1 - Costs and expenses of **administration** as defined in the Bankruptcy Code, including, among other things, legal fees and accounting fees, post-petition accounts payable and post-petition taxes, will be paid in full or in accordance with an agreement with said creditor. At the present time, it is estimated that administration expenses will consist of the following: 1) approximately **$12,500.00** in attorneys' fees owed to GENOVA & MALIN, counsel to the Chapter 11 debtor, subject to allowance by this Court. Said firm received a retainer of $5,000.00; and 2) U.S. Trustee quarterly fees, if any, shall be paid on the effective date of the Plan and shall continue

to be paid post-confirmation, pursuant to 28 U.S.C. §1930, until such time as the Court enters a final decree closing the case. Total unpaid administrative debt is estimated at $7,500.00.

Class 2 - The secured claim of JOSEPH G. MONTEMARANO and TERESE M. MONTEMARANO ("MONTEMARANO") as secured by a first mortgage lien on the debtor's real property located at 54 Noxon Street, Poughkeepsie, New York (the "Property"). The total of the obligation due to MONTEMARANO as of petition date was approximately ONE HUNDRED SEVEN THOUSAND SIX HUNDRED FIFTY-FIVE DOLLARS AND SIXTEEN CENTS ($107,655.16), consisting of a pre-petition note and mortgage. (See Claim No. 3 filed with this Court on February 1, 2017.) Since December, 2016, the debtor has made monthly payments to MONTEMARANO in sum of $750.00, for a total sum of $4,500.00. MONTEMARANO shall retain its first mortgage lien against the Property and the debtor shall pay MONTEMARANO's claim as follows:

(1) Monthly payments of ONE THOUSAND FOUR HUNDRED FORTY-ONE DOLLARS AND NINE CENTS ($1,441.09). Said payments are based on an eight (8) year amortization of MONTEMARANO's claim amount of ONE HUNDRED SEVEN THOUSAND SIX HUNDRED FIFTY-FIVE DOLLARS AND SIXTEEN CENTS ($107,655.16) at six and one-half percent (6.5%) interest. Payments shall commence on the Effective Date of the Plan.

This Class is impaired and its vote will be solicited.

Class 3 - The secured claim of MARK DELACORTE ("DELACORTE"), as the same is allowed, approved and ordered paid by the Court, on the debtor's real property located at 54 Noxon Street, Poughkeepsie, New York. The holder of such claim shall receive sixty (60) equal monthly payments with interest commencing no later than thirty (30) days after the effective date

of the Plan.  Said payments shall be in full satisfaction of the pre-petition secured claim of the claimant.  DELACORTE's claim is ONE THOUSAND SIXTEEN DOLLARS AND TWELVE CENTS ($1,016.12) (See Claim No. 1 filed with this Court on November 22, 2016) and represents unpaid water and sewer charges for 2014.  Said lien was acquired from the City of Poughkeepsie by DELACORTE in or about December, 2014.  The monthly payment for this class, including interest at twelve percent (12%) per annum, totals TWENTY-TWO DOLLARS AND SIXTY CENTS ($22.60).

This class is not impaired and its vote will not be solicited.

<u>Class 4</u> -   The secured claim of KARAN & PRATIBHA GAREWAL ("GAREWAL"), as the same is allowed, approved and ordered paid by the Court, on the debtor's real property located at 54 Noxon Street, Poughkeepsie, New York.  The holder of such claim shall receive sixty (60) equal monthly payments with interest commencing no later than thirty (30) days after the effective date of the Plan.  Said payments shall be in full satisfaction of the pre-petition secured claim of the claimant.

GAREWAL's claim is EIGHT HUNDRED FORTY-SEVEN DOLLARS AND FORTY CENTS ($847.40) and represents unpaid water and sewer charges for 2014.  Said lien was acquired from the City of Poughkeepsie by GAREWAL in or about December, 2014.  The monthly payment for this class, including interest at twelve percent (12%) per annum, totals EIGHTEEN DOLLARS AND EIGHTY-FOUR CENTS ($18.84).

This class is not impaired and its vote will not be solicited.

<u>Class 5</u> -  Allowed claims for all other creditors of the debtor, subject to an allowance of their claims by the Court, will be paid in cash, an amount equal to FIFTY PERCENT (50%) of

the allowed amount of such creditors' claim to be paid in a lump sum on the Effective Date of the confirmation of the debtor's Plan.  The claims in this class total approximately ONE HUNDRED AND SEVENTY-FIVE DOLLARS ($175.00).

This class is impaired and its vote will be solicited.

Class 6 - The interest of the stockholders of the debtor, CURTIS L. WHITTED, MARY WHITTED, and CURTIS L. WHITTED, JR. (100%), will not be impaired. Said individuals will retain one hundred percent (100%) of their ownership interest in the reorganized debtor, but shall not receive any dividends or payments under the Plan.  Said individuals noted above own one hundred percent (100%) of the outstanding shares of the debtor corporation, and are insiders as defined by the Bankruptcy Code.

The total amount reflected as unsecured debt does not include the claims of any insiders, as said term is defined by 11 U.S.C.§101(31). CURTIS L. WHITTED, MARY WHITTED, and CURTIS L. WHITTED, JR. shall retain their interest as holders of the shares of stock in the corporation.

This class is not impaired and its vote will not be solicited.

---------------------------------------

**PROPERTY NOT TO BE RETAINED**

The debtor will not retain the real property located at 35 Montgomery Street, Poughkeepsie, New York (the "Montgomery Street Property") through the Chapter 11 Plan and reserves its right to seek to have the outstanding property tax liens abated on the Montgomery Street Property if it becomes feasible to do so.  The debtor acquired the Montgomery Street Property via Referee's Deed in or about 2014.  The approximate sum of $109,938.55 is due and owing to the City of Poughkeepsie, purportedly for sanitation, water and sewer services for the period of 2008 through 2014.  As the claim of the CITY OF POUGHKEEPSIE ("POUGHKEEPSIE") is secured by the

Montgomery Street Property and the debtor does not have any liability on same, the debtor does not provide for payment on POUGHKEEPSIE's claim in its Chapter 11 Plan.

----------------------------------------

Upon confirmation, the reorganized debtor shall be entitled to manage its affairs for window purposes without further Order of this Court. However, the Court will retain jurisdiction for the purposes described in Article IV of the Plan until it has been fully consummated.

### ARTICLE III
### MODIFICATION OF THE PLAN

The debtor may propose amendments or modifications of this Plan at any time prior to confirmation, with leave of the Court, upon such notice as the Court shall direct. After confirmation, the debtor may, with the approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order of Confirmation in such manner as may be necessary to carry out the purposes and effect of this Plan.

### ARTICLE IV

### JURISDICTION OF THE COURT

The Court will retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

1. The classification of the claim or any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to the creditors' claims. The failure by the debtor to object to, or to examine any claim for the purposes of voting, shall not be deemed to be a waiver of the debtor's right to object to, or re-examine the claim in whole or in part.

2. Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, dispute or conflicts, whether or not subject to action pending as of the date of confirmation, between the debtor and any other party, including, but not limited to, any right of the debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

3. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intent of this Plan.

4. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

5. The enforcement and interpretation of the terms and conditions of this Plan.

6. Entry of any Order, including injunctions, necessary to enforce the title, rights and powers of the debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as this Court may deem necessary.

7. The hearing of any matter brought on upon proper application by any creditor claiming that payments pursuant to the Plan have not been properly made either in terms of the amount of the payment or the time it was to have been made.

8. Entry of an Order concluding and terminating this case.

Dated: Wappingers Falls, New York
May 15, 2017

        THE POTTER HOUSE, INC.

By:  /s/ Curtis L. Whitted
      Curtis L. Whitted, President

GENOVA & MALIN
Attorneys for Debtor
1136 Route 9
Wappingers Falls, NY 12590
(845) 298-1600

By:  /s/ Michelle L. Trier
      MICHELLE L. TRIER, ESQ.