GENOVA & MALIN
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Andrea B. Malin, Esq. (AM4424)
Michelle L. Trier, Esq. (MT1212)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
----------------------------------------------------------x
IN RE:

THE POTTER HOUSE, INC.,                      **CHAPTER 11**
                                                         **CASE NO. 16-36948 (CGM)**

                    Debtor.
----------------------------------------------------------x

## AFFIRMATION IN OPPOSITION WITH POINTS OF LAW

MICHELLE L. TRIER, an attorney duly admitted to practice before this Court, affirms the following under penalty of perjury:

1. That I am the attorney for the debtor-in-possession and make this affirmation in opposition to the Motion of JOSEPH and TERESE MONTEMARANO ("MONTEMARANO" or "Movant") seeking relief from the automatic stay.

2. The debtor, THE POTTER HOUSE, INC., was founded in 1996 and is a not-for-profit public charity corporation. The debtor is a religious organization that seeks to help the community through various outreach programs, such as food banks, clothing drives and organized holiday meal programs. The debtor owns real property located at 54 Noxon Street, Poughkeepsie, New York (the "Property") where the organization operates from.

3. The debtor's Property is encumbered by a first mortgage lien held by

MONTEMARANO. Prior to the filing of the debtor's Chapter 11 petition, MONTEMARANO commenced an action in New York State Supreme Court, Dutchess County to foreclose the mortgage lien. Pursuant to the Proof of Claim filed by MONTEMARANO with this Court, the approximate balance due to MONTEMARANO is ONE HUNDRED SEVEN THOUSAND SIX HUNDRED FIFTY-FIVE DOLLARS AND SIXTEEN CENTS ($107,655.16) (See Claim No. 3 filed with this Court.). Since December, 2016, the debtor has made monthly payments to MONTEMARANO in sum of $750.00, for a total sum of $5,250.00.

4. According to the Appraisal obtained by MONTEMARANO (attached to MONTEMARANO's Motion), the Property has a fair market value of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00).

## ARGUMENT

### POINT I

**MONTEMARANO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHOULD BE DENIED AS THE DEBTOR'S CASE WAS NOT FILED IN BAD FAITH**

The instant Motion made pursuant to 11 U.S.C. §362(d)(1) by Montemarano should be denied, as no grounds exist for the granting of said motion. Section 362(d)(1) of the United States Bankruptcy Code (the "Code") provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest....

It has been held that bad faith constitutes cause under the statute allowing for relief from the automatic stay. In re Kornhauser, 184 B.R. 425 (Bankr..S.D.N.Y. 1995) and In re

Eatman, 182 B.R. 386 (Bankr.S.D.N.Y. 1995).  The party seeking to have relief granted on the ground of bad faith must prove "both objective evidence of a fundamentally unfair result and subjective evidence that a debtor filed a petition for a fundamentally unfair purpose that was not in line with the spirit of the Bankruptcy Code.  The bankruptcy court must review the totality of the circumstances in reaching its decision."  Id. at 392.  Based on a 'totality of the circumstances' approach, it follows that a single factor, such as the filing of a petition on the eve of a foreclosure sale, does not constitute bad faith.  Id.

This remedy is reserved for the most egregious of cases, for example, where the debtors have participated in serial filings to merely forestall creditors which are replete with misleading and false information, have failed to comply with any of the requirements under Chapter 13 in all cases filed, and which have absolutely no legitimate prospect of reorganization.  In re Eatman, supra.. and In re Kornhauser, supra.; In re Jones, 174 B.R. 8 (Bankr.D.N.H. 1994); In re Dami, 172 B.R. 6 (Bankr.E.D.Pa. 1994); and In re Slater, 49 B.R. 501 (Bankr.D.Del. 1985).

It is patently clear that a review of the facts in this case that the debtor has not filed this case in bad faith.  Id.  MONTEMARANO merely states that the debtor has no chance of reorganizing and "knew (or should have known) that it didn't when they filed the case."  (See MONTEMARANO's Memorandum, p. 4).  There is no evidence in the history of this case that demonstrates that the debtor is unable to reorganize.  Not only has the debtor maintained its monthly expenses, it has provided MONTEMARANO with a monthly adequate protection payment, albeit a payment that MONTEMARANO does not believe constitutes adequate protection.  The debtor has not shown a monthly economic loss since the filing of its Chapter 11 petition, even though the petition was filed in November and, historically the winter months

garner the lowest amounts of donations (throughout the year) and there are no bus trips to subsidize the debtor's income. Thus, MONTEMARANO's argument that the debtor has no chance of reorganizing must fail, as evidenced by the success of this Chapter 11 case, now seven (7) months old. Should MONTEMARANO have truly believed that this case was filed in bad faith, this Motion should have been filed at the outset of the Chapter 11 case. On May 16, 2017, the debtor has filed its Disclosure Statement and Plan of Reorganization, a Plan which proposes a reasonable and feasible repayment to MONTEMARANO. This case was not filed for the sole purpose of forestalling the foreclosure and delaying MONTEMARANO. The debtor genuinely wishes to come to terms with MONTEMARANO and arrange for repayment of its debt.

Accordingly, as there exists no ground under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay since the debtor's Chapter 11 petition was filed in good faith, MONTEMARANO's motion should be denied.

## POINT II

### MONTEMARANO IS ADEQUATELY PROTECTED PURSUANT TO 11 U.S.C. §§ 361 AND, THUS, ITS MOTION PURSUANT TO 11 U.S.C. §362(d)(1) MUST BE DENIED

MONTEMARANO's interest in the Property is adequately protected and, therefore, cause for relief from the automatic does not exist pursuant to 11 U.S.C. §362(d)(1). 11 U.S.C. §362(d)(1); In re Howery, 275 B.R. 852 (Bankr.S.D.Ohio 2002). Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part, that the court shall grant relief from the stay "for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

MONTEMARANO's interest in the Property is adequately protected as (1) the debtor has been making monthly adequate protection payments to MONTEMARANO since December 1, 2016 and (2) there exists an equity cushion in the Property. Since the outset of this

case, the debtor has demonstrated its intent to pay its obligation to MONTEMARANO by making monthly adequate protection payments in the amount of $750.00 (totaling $5,250.00). Although MONTEMARANO, in their Motion papers, do not "acknowledge" that the payments by the debtor constitute adequate protection, MONTEMARANO has accepted the payments since December, 2016 and it is only now, seven (7) plus months into the Chapter 11 case that MONTEMARANO files a Motion for Relief from the Automatic Stay, pursuant to 11 U.S.C. §362(d)(1), allegedly based on lack of adequate protection.  This is wholly disingenuous on the part of MONTEMARANO.  Pursuant to MONTEMARANO's own Appraisal there exists at least $40,000.00 of equity in the Property.  The Property was appraised, at the behest of MONTEMARANO, <u>with</u> the alleged deferred maintenance in mind.  Further, there is no documentary support for the costs to make the repairs/deferred maintenance, as suggested by the appraisal.  The appraised value of the Property clearly demonstrates that there exists an equity cushion.  As such, adequate protection is being provided to MONTEMARANO and cause for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) does not exist.

Therefore, as MONTEMARANO's interest is adequately protected, the debtor respectfully requests that this Court deny MONTEMARANO's Motion for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

**WHEREFORE,** the debtor respectfully requests that the Motion pursuant to 11

U.S.C. §362 be denied; and that the debtor be granted such other and further relief as to this Court seems just and proper.

Dated: Wappingers Falls, New York
       June 12, 2017

                                    GENOVA & MALIN
                                    Attorneys for the Debtor

                       By:  /s/ Michelle L. Trier
                                  MICHELLE L. TRIER (MT1212)
                                  Hampton Business Center
                                  1136 Route 9
                                  Wappingers Falls, New York 12590
                                  (845) 298-1600